IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| VITA NUOVA Inc., ) | |
| ) | |
| Plaintiff ) | Case No. 4:19-cv-00532-O |
| ) | |
| v. ) | |
| ) | |
| ALEX M. AZAR II, in his official capacity ) | |
| as Secretary of Health and Human ) | |
| Services, et al. ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO AMENDED COMPLAINT**

Defendants, Alex Azar II, in his official capacity as Secretary of Health and Human Services, and the United States of America, hereby answer Plaintiff's complaint as follows:

The introductory paragraphs of Plaintiff's complaint contain Plaintiff's characterization of this action; argument and conclusions of law; allegations regarding counts dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28; and allegations that are restated elsewhere in Plaintiff's complaint. Thus, no response is required. To the extent a response is deemed necessary, Defendants incorporate their responses below to the numbered paragraphs in Plaintiff's complaint.

1. The allegations in this paragraph consist of a legal conclusion to which a response is not required.

2. The allegation in this paragraph consist of a legal conclusion to which a response is not required.

3. Admitted.

4. Admitted.

5. Admitted.

6. To the extent the allegations in this paragraph relate to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, no response is required. To the extent the allegations relate to the surviving count, Defendants respond as follows: This paragraph contains Plaintiff's characterization of the Title X program, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Title X statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

7. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

8. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

9. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

10. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

11. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

12. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

13. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

14. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

15. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

16. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

17. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

18. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

19. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

20. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

21. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

22. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

23. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

24. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

25. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

26. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

27. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

28. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

29. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

30. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

31. To the extent the allegations in the first sentence this paragraph relate to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, no response is required. To the extent the allegations relate to the surviving count, Defendants lack sufficient knowledge or information to form a belief about the

truth of the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph are denied.

      32. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

      33. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

      34. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

      35. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

      36. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

      37. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

      38. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

39. To the extent the allegations in this paragraph relate to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, no response is required. To the extent the allegations relate to the surviving count, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

40. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

41. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

42. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

43. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

44. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

45. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

46. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

47. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

48. This paragraph consists of allegations relating to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, and thus no response is required.

49. To the extent the allegations in this paragraph relate to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, no response is required. To the extent the allegations relate to the surviving count, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

50. This paragraph contains argument, conclusions of law, and Plaintiff's characterization of 42 U.S.C. § 300a-7, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

51. This paragraph contains argument, conclusions of law, and Plaintiff's characterization of 42 U.S.C. § 300a-7, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited

statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

52. This paragraph contains argument, conclusions of law, and Plaintiff's characterization of 42 U.S.C. § 300a-7, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

53. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

54. This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph, except to state that the Defendants lack sufficient knowledge or information to form a belief about the truth of the factual premise concerning Vita Nuova's religious beliefs.

55. This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

56. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge to form a belief about the truth of such allegations. To the extent that the remainder of this paragraph contains only argument and conclusions of law, not allegations of fact, no response is required; to the extent a response is deemed necessary, Defendants deny the remainder of this paragraph.

57. This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

58. This paragraph consists only of Plaintiff's demand for relief as to the surviving count, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the demand for relief and further aver that Plaintiff cannot establish that it is entitled to the requested relief or any other relief or that certification of the proposed class is appropriate.

59. This paragraph contains only Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

60. This paragraph contains only Plaintiff's description of the putative class, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants admit that Plaintiff has accurately described the scope of the class it asks the Court to certify, but Defendants deny that class certification would be appropriate.

61. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

62. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

63. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

64. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

65. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

66. To the extent the allegations in this paragraph relate to the count(s) dismissed for lack of jurisdiction in this Court's May 1, 2020 Memorandum Opinion and Order, *see* Dkt. No. 28, no response is required. To the extent the allegations relate to the surviving count, this paragraph consists only of Plaintiff's demand for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the demand for relief and further aver that Plaintiff is not entitled to the requested relief or any other relief.

## DEFENSES

1. This Court lacks subject matter jurisdiction over this action.

Defendants reserve the right to assert additional defenses during the pendency of this action.

Defendants hereby deny all allegations in Plaintiff's complaint not expressly admitted.

Dated: May 15, 2020                                    Respectfully submitted,

                                                        JOSEPH H. HUNT
                                                        Assistant Attorney General

ERIN NEALY COX
United States Attorney

MICHELLE BENNETT
Assistant Branch Director

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
DANIEL RIESS
Trial Attorneys
U.S. Department of Justice
Civil Division
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0878
Fax: (202) 616-8460
Email: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

On May 15, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) or the local rules.

*/s/ Bradley P. Humphreys*
Bradley P. Humphreys