UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Vita Nuova Inc.**, on behalf of itself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**Alex M. Azar II**, in his official capacity as Secretary of Health and Human Services; **United States of America**,<br><br>    Defendants. | Case No. 4:19-cv-00532-O |

## SECOND AMENDED COMPLAINT—CLASS ACTION

Vita Nuova Inc. is a Christian, pro-life organization that wishes to participate in the federal government's Title X program. But a federal statute prohibits health-care providers from receiving federal funds unless they allow their employees to perform or assist in abortions, with no exemptions or accommodations for religious organizations (such as Vita Nuova) that oppose elective abortion. *See* 42 U.S.C. § 300a-7(c). This statute violates the Religious Freedom Restoration Act, because it fails to exempt entities (such as Vita Nuova) that oppose abortion for religious reasons. Vita Nuova is seeking declaratory relief and a permanent injunction against the statute's continued enforcement.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Vita Nuova Inc. is a nonprofit incorporated under the laws of Texas.

4. Defendant Alex M. Azar II is the U.S. Secretary of Health and Human Services. His office is located at 200 Independence Avenue SW, Washington, D.C. 20201. Secretary Azar is sued in his official capacity.

5. Defendant United States of America is the federal government of the United States of America.

## STATEMENT OF CLAIM

6. The Title X program authorizes the Secretary of Health and Human Services to award grants and contracts to entities that provide family-planning services. *See* 42 U.S.C. §§ 300(a).

7. The Title X statute forbids the Secretary to fund any "programs where abortion is a method of family planning." 42 U.S.C. § 300a-6. *See id.* ("None of the funds appropriated under this subchapter shall be used in programs where abortion is a method of family planning.").

8. Vita Nuova intends to apply for Title X funds at the next available opportunity in November 2020. The next round of grants is scheduled to be awarded in the spring of 2021.

9. 42 U.S.C. § 300a-7(c)(1), however, forbids Title X recipients to "discriminate in the employment, promotion, or termination of employment of any physician or other health care professional" who performs or assists in elective abortions. 42 U.S.C. § 300a-7(c)(1) (attached as Exhibit 8).

10. 42 U.S.C. § 300a-7(c)(1)'s restrictions apply not only to Title X recipients, but to every entity that receives a grant, contract, loan, or loan guarantee under the Public Health Service Act, 42 U.S.C. § 201 et seq., the Community Mental Health Centers Act, 42 U.S.C. § 2689 et seq., or the Developmental Disabilities Services and Facilities Construction Act, 42 U.S.C. § 6000 et seq. *See* 42 U.S.C. § 300a-7(c)(1).

A separate statutory provision imposes similar requirements on every entity that receives a grant or contract for biomedical or behavioral research under any program administered by the Secretary of Health and Human Services. *See* 42 U.S.C. § 300a-7(c)(2).

11. 42 U.S.C. § 300a-7(c)(1) and (c)(2) contain no exemptions or accommodations for religious entities that oppose abortion for sincere religious reasons.

12. Vita Nuova requires all of its employees to respect the sanctity of human life at all times, both on and off the job. Vita Nuova will not allow its doctors to perform elective abortions, nor will it allow its employees to assist in elective abortions, consistent with the employment practices of Catholic hospitals and other Christian health-care entities that oppose abortion for sincere religious reasons.

13. A statute that compels HHS grant recipients to allow their employees to perform or assist in elective abortions conflicts with the Religious Freedom Restoration Act to the extent that it fails to exempt recipients that object to abortion for sincere religious reasons. This substantially burdens Vita Nuova's exercise of religion because it prevents Vita Nuova from participating in the Title X program unless it allows its employees to perform or assist in elective abortions, in direct contravention of Vita Nuova's religious beliefs. There is no compelling governmental interest in compelling religious health-care entities to employ individuals whose behavior is directly contrary to the organization's values, nor is there a compelling governmental interest in excluding these religious health-care entities from Title X and other federally funded programs.

14. The Secretary's enforcement of 42 U.S.C. §§ 300a-7(c) inflicts injury in fact because it prevents Vita Nuova from obtaining federal funding funding unless it agrees to allow its employees to perform or assist in abortions.

15. The Secretary's enforcement of 42 U.S.C. §§ 300a-7(c) inflicts further injury on Vita Nuova because it hinders Vita Nuova's efforts to raise funds and build a

network of potential providers because they purport to disqualify devoutly Christian entities that prohibit their employees from performing or assisting in abortions from qualifying for Title X funds.

16. These injuries are caused by the Secretary's enforcement of 42 U.S.C. §§ 300a-7(c), and they will be redressed by an injunction that prevents the Secretary from enforcing 42 U.S.C. §§ 300a-7(c) against entities that oppose abortion for sincere religious reasons.

17. The Court should therefore:

   a. Certify a class under FRCP 23(b)(2) that includes every present and future health-care provider in the United States that opposes abortion for sincere religious reasons;

   b. Declare that 42 U.S.C. §§ 300a-7(c)'s requirements conflict with the Religious Freedom Restoration Act, but only as applied to entities that oppose abortion for sincere religious reasons, and only to the extent that they prohibit such entities from discriminating against physicians and health-care personnel that performed or assisted in the performance of abortions;

   c. Permanently enjoin the Secretary, along with his officers, agents, servants, employees, attorneys, designees, subordinates, and successors, as well as any person acting in concert or participation with them, from enforcing 42 U.S.C. §§ 300a-7(c) against entities that oppose abortion for sincere religious reasons, to the extent those provisions forbid discrimination against physicians and health-care personnel that performed or assisted in the performance of abortions.

## CLASS-ACTION ALLEGATIONS

18. Vita Nuova brings its challenge to 42 U.S.C. §§ 300a-7(c) as a class action under Rule 23(b)(2) of the federal rules of civil procedure.

19. The class comprises every present and future health-care provider in the United States that opposes abortion for sincere religious reasons.

20. The number of entities in the class makes joinder of the individual class members impractical.

21. There are questions of law common to the class. All class members are health-care providers that oppose abortion for sincere religious reasons. Yet 42 U.S.C. § 300a-7(c) prevents these entities from participating in federally funded health and research programs unless they are willing to employ individuals whose behavior is directly contrary to the organization's sincere religious values. The common legal questions are whether 42 U.S.C. § 300a-7(c) burdens the religious freedom of these health-care entities that oppose abortion, and whether this burden represents the least restrictive means of advancing a compelling governmental interest. *See* 42 U.S.C. § 2000bb-1.

22. Vita Nuova's claims are typical of other members of the class. 42 U.S.C. § 300a-7(c) substantially burdens the religious freedom of each class member in the same way—by compelling them to choose between employing individuals whose behavior is directly contrary to the organization's sincere religious values or forgoing federal funding and forfeiting their ability to participate in federally funded health and research programs.

23. Vita Nuova adequately represents the interests of the class, and it has no interests antagonistic to the class.

24. A class action is appropriate under Rule 23(b)(2) because the defendants are acting on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## DEMAND FOR RELIEF

25. Vita Nuova respectfully requests that the court:

   a. certify the class described in paragraph 17(a);

   b. enter the declaratory relief described above under 28 U.S.C. § 2201;

  c.  enter the injunctive relief described above under *Ex parte Young*, 209 U.S. 123 (1908), and the Administrative Procedure Act, 5 U.S.C. §§ 702, 704;

  d.  award costs and attorneys' fees under 42 U.S.C. § 1988;

  e.  award all other relief that the Court may deem just, proper, or equitable.

                Respectfully submitted.

                */s/ Jonathan F. Mitchell*

| | |
|---|---|
| H. Dustin Fillmore III | Jonathan F. Mitchell |
| Texas Bar No. 06996010 | Texas Bar No. 24075463 |
| Charles W. Fillmore | Mitchell Law PLLC |
| Texas Bar No. 00785861 | 111 Congress Avenue, Suite 400 |
| The Fillmore Law Firm, L.L.P. | Austin, Texas 78701 |
| 1200 Summit Avenue, Suite 860 | (512) 686-3940 (phone) |
| Fort Worth, Texas 76102 | (512) 686-3941 (fax) |
| (817) 332-2351 (phone) | jonathan@mitchell.law |
| (817) 870-1859 (fax) | |
| dusty@fillmorefirm.com | |
| chad@fillmorefirm.com | |
| | *Counsel for Plaintiff* |
| Dated: August 18, 2020 | *and the Proposed Class* |

## CERTIFICATE OF SERVICE

I certify that on August 18, 2020, I served this document through CM/ECF upon:

Bradley P. Humphreys
Daniel Reiss
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 305-0878 (phone)
(202) 616-8460 (fax)
bradley.humphreys@usdoj.gov
daniel.riess@usdoj.gov

*Counsel for the Defendants*

                                                 /s/ Jonathan F. Mitchell
                                                Jonathan F. Mitchell
                                                *Counsel for Plaintiff*
                                                *and the Proposed Class*