IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| VITA NUOVA Inc., | ) ) ) |
| Plaintiff | ) Case No. 4:19-cv-00532-O ) |
| v. | ) ) |
| ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services, et al. | ) ) ) ) |
| Defendants. | ) ) ) |

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendants, Alex Azar II, in his official capacity as Secretary of Health and Human Services, and the United States of America, hereby answer Plaintiff's Second Amended Complaint as follows:

The introductory paragraphs of Plaintiff's Second Amended Complaint contain Plaintiff's characterization of this action; argument and conclusions of law; and allegations that are restated elsewhere in Plaintiff's Second Amended Complaint. Thus, no response is required. To the extent a response is deemed necessary, Defendants incorporate their responses below to the numbered paragraphs in Plaintiff's Second Amended Complaint.

1. The allegations in this paragraph consist of a legal conclusion to which a response is not required.

2. The allegation in this paragraph consists of a legal conclusion to which a response is not required.

3. Admitted.

  4.  Admitted.

  5.  Admitted.

  6.  This paragraph contains Plaintiff's characterization of the Title X program, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Title X statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

  7.  This paragraph contains Plaintiff's characterization of the Title X program, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Title X statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

  8.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph are denied.

  9.  This paragraph contains argument, conclusions of law, and Plaintiff's characterization of 42 U.S.C. § 300a-7, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

  10.  This paragraph contains argument, conclusions of law, and Plaintiff's characterization of 42 U.S.C. § 300a-7, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited

statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

11. This paragraph contains argument, conclusions of law, and Plaintiff's characterization of 42 U.S.C. § 300a-7, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

12. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

13. This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph, except to state that the Defendants lack sufficient knowledge or information to form a belief about the truth of the factual premise concerning Vita Nuova's religious beliefs.

14. This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

15. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge to form a belief about the truth of such allegations.  To the extent that the remainder of this paragraph contains only argument and conclusions of law, not allegations of fact, no response is required; to the extent a response is deemed necessary, Defendants deny the remainder of this paragraph.

16. This paragraph contains only argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

17. This paragraph consists only of Plaintiff's demand for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the demand for relief and further aver that Plaintiff cannot establish that it is entitled to the requested relief or any other relief or that certification of the proposed class is appropriate.

18. This paragraph contains only Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

19. This paragraph contains only Plaintiff's description of the putative class, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants admit that Plaintiff has accurately described the scope of the class it asks the Court to certify, but Defendants deny that class certification would be appropriate.

20. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

21. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

22. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

23. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

24. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

25. This paragraph consists only of Plaintiff's demand for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the demand for relief and further aver that Plaintiff is not entitled to the requested relief or any other relief.

## DEFENSES

1. This Court lacks subject matter jurisdiction over this action.

Defendants reserve the right to assert additional defenses during the pendency of this action.

Defendants hereby deny all allegations in Plaintiff's Second Amended Complaint not expressly admitted.

Dated: September 2, 2020               Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

ERIN NEALY COX
United States Attorney

MICHELLE BENNETT
Assistant Branch Director

5

        */s/ Bradley P. Humphreys*
        BRADLEY P. HUMPHREYS
        DANIEL RIESS
        Trial Attorneys
        U.S. Department of Justice
        Civil Division
        1100 L Street, NW
        Washington, D.C. 20005
        Telephone: (202) 305-0878
        Fax: (202) 616-8460
        Email: Bradley.Humphreys@usdoj.gov

        *Counsel for Defendants*