IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **THE OBRIA GROUP INC. & VITA NUOVA, INC.**, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>**XAVIER BECERRA**, in his official capacity as Secretary of Health and Human Services *et al.*,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§   Civil Action No. 4:19-cv-00532-O<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before the Court is Plaintiff's Response to Defendants' Cross Motion for Summary Judgment (ECF No. 59), filed May 14, 2021. In the brief, Plaintiff agrees that neither Vita Nuova nor Obria can demonstrate the existence of an Article III case or controversy in light of Obria's recent decision to withdraw from the Title X program. Accordingly, this case is dismissed without prejudice for lack of subject matter jurisdiction. *See Boudloche v. Conoco Oil Corp.*, 615 F.2d 687, 688–89 (5th Cir. 1980) ("The district court properly concluded that it did not have jurisdiction but it erred in granting summary judgment and dismissing with prejudice. Since the court lacked jurisdiction over the action, it had no power to render a judgment on the merits. *Dassinger v. South Central Bell Telephone Co.*, 505 F.2d 672, 674 (5th Cir. 1974); 10 C. Wright & A. Miller, Federal Practice & Procedure § 2713 (1973). On remand, the district court should expunge its initial judgment and enter an order dismissing the case for want of subject matter jurisdiction.").

**SO ORDERED** the 17th day of May, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE